**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-02349-002-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Epifanio Avalos, Jr., | |
| Defendant. | |

On May 14, 2024, the Court found Defendant guilty of smuggling goods from the United States, in violation of 18 U.S.C. § 554(a), and sentenced him to a 33-month term of imprisonment, followed by a 3-year term of supervised release. (Doc. 88.) Pending before the Court is Defendant's pro se Motion for Compassionate Release. (Doc. 90.) The Government did not respond to the Motion. For the following reasons, the Motion will be denied.

**I.     Legal Standard**

A court may reduce a term of imprisonment upon a defendant's motion, after considering the factors set forth in 18 U.S.C. § 3553(a), if: (1) the defendant has fully exhausted his administrative remedies, (2) "extraordinary and compelling reasons" warrant the reduction, and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). A defendant exhausts his administrative remedies by appealing a failure of the Bureau of Prisons to bring a motion on his behalf or by the lapse of 30 days from the receipt of a request for compassionate

release by the warden of the defendant's facility. *Id*.

The Ninth Circuit has held that the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for purposes of 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Therefore, the Court will rely on U.S.S.G. § 1B1.13 as persuasive but non-binding authority for purposes of evaluating the present Motion.

Both 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 direct courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 further provides that a defendant's sentence may be reduced only if it is determined that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13 describes specific circumstances that present "extraordinary and compelling reasons" for a sentence reduction, including "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A).

The factors to be considered in determining a sentence under 18 U.S.C. § 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant," the sentencing range established by the Sentencing Guidelines, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The factors to be considered in assessing dangerousness under 18 U.S.C. § 3142(g) include the nature and circumstances of the defendant's offense; the weight of the evidence

against the defendant; the nature and seriousness of the danger to any person or the community posed by the defendant's release, and the defendant's history and characteristics, including "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse," and criminal history. 18 U.S.C. § 3142(g).

## II.     Discussion

In his Motion, Defendant asserts that his wife recently died in a car accident in Hermosillo, Sonora, Mexico, leaving behind their three minor children, aged 10, 11, and 12. (Doc. 90 at 1.) He states that the children are currently in the care of his late wife's cousins, who are "not direct blood" relatives. (*Id.*) Defendant requests a sentence reduction to facilitate relocating his daughters to Phoenix, Arizona, where they can reside with his sister. (*Id.* at 2.) Defendant claims that he consulted his attorney and the prosecutor but was informed that they could not modify his sentence. (*Id.*) He further alleges that a United States Marshal at the Central Arizona Florence Correctional Complex advised him that he would only be eligible for compassionate release if he were transferred to the Bureau of Prisons, which may take up to seven months. (*Id.*)

As an initial matter, the Court notes that Defendant has not shown that he has fully exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Specifically, Defendant has not indicated that he submitted a request for compassionate release to the warden of his facility, nor has he stated that he received a denial or appealed any such denial.

However, even if the Court assumes that Defendant has satisfied the exhaustion requirement, his request for compassionate release fails on the merits. While the Court is sympathetic to Defendant's loss, he acknowledges that his daughters are currently under the care of extended family. Furthermore, Defendant has not demonstrated that his release is the only way to ensure their wellbeing or that alternative arrangements, such as living with his sister in Phoenix, cannot be made without his immediate release.

Additionally, the Court finds that the sentencing factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.13 continue to weigh against early release. The Presentence Investigation Report (Doc. 85), which the Court accepted (Doc. 87), found that Defendant was responsible for smuggling 9,420 rounds of ammunition, five magazines, a privately manufactured pistol, and transporting a vehicle to be modified with non-factory compartments. (Doc. 85 at 16.) Defendant's 33-month sentence appropriately reflects the seriousness of the offense. Because Defendant identifies no other circumstances warranting a sentence reduction, the Court will deny Defendant's Motion.

**IT IS ORDERED** that Defendant's pro se Motion for Compassionate Release (Doc. 90) is **denied**.

Dated this 11th day of December, 2024.

Honorable Rosemary Márquez
United States District Judge